ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2009 MAY 11 PM 3:54

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TRIPLE TEE GOLF, INC. and<br>JOHN P. GILLIG,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>NIKE, INC.,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:08-CV-743-A |

**NIKE'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM
REGARDING NIKE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO
<u>SANCTION PLAINTIFFS AND THEIR COUNSEL</u>**

`Case 4:08-cv-00743-A   Document 62   Filed 05/11/09   Page 2 of 18   PageID 944`

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 2

    A.    PLAINTIFFS DO NOT ADDRESS THE PRIMARY ISSUE THE COURT RAISED .................... 2

    B.    FEDERAL *RES JUDICATA* LAW GOVERNS THIS CASE, BUT THE OUTCOME IS THE SAME UNDER TEXAS LAW ........................................................................................ 5

    C.    PLAINTIFFS' PATENT INVENTORSHIP CLAIMS ARE BARRED BY *RES JUDICATA* .......... 11

    D.    PLAINTIFFS' TRADE SECRETS CLAIM IS BARRED BY *RES JUDICATA* AND THE STATUTE OF LIMITATIONS ............................................................................. 12

III. CONCLUSION ....................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Aerojet-General Corp. v. Askew*,
   511 F.2d 710 (5th Cir. 1975) ......................................................................................6

*Am. Home Assur. Co. v. Chevron, USA, Inc.*,
   400 F.3d 265 (5th Cir. 2005) ......................................................................................8

*Amstadt v. U.S. Brass Corp.*,
   919 S.W.2d 644 (Tex. 1996) ......................................................................................8

*Barr v. Resolution Trust Corp.*,
   837 S.W.2d 627 (Tex. 1992) ......................................................................................8

*Citizens Ins. Co. of Am. v. Daccach*,
   217 S.W.3d 430 (Tex. 2007) ....................................................................................10

*Cobb v. Central States Southwest and Southwest Areas Pension Fund*,
   461 F.3d 632 (5th Cir. 2006) ......................................................................................3

*Continental Cas. Co. v. Dep't of Highways*,
   379 F.2d 673 (5th Cir. 1967) ......................................................................................4

*Daigle v. Opelousas Health Care, Inc.*,
   774 F.2d 1344 (5th Cir. 1985) ....................................................................................8

*DP Solutions, Inc. v. Rollins, Inc.*,
   353 F.3d 421 (5th Cir. 2003) ......................................................................................2

*Ehm v. San Antonio City Council*,
   269 Fed. Appx. 375 (5th Cir. 2008) ...........................................................................3

*Gasperini v. Center for Humanities, Inc.*,
   518 U.S. 415 (1996) ...................................................................................................2

*Hall v. GE Plastic Pac. PTE Ltd.*,
   327 F.3d 391 (5th Cir. 2003) ......................................................................................5

*Igal v. Brightstar*,
   250 S.W.3d 78 (Tex. 2008) ...............................................................................5, 9, 10

*In re John Richards Homes Bldg. Co., L.L.C.*,
   2009 WL 838595 (E.D. Mich. Mar. 30, 2009) ...........................................................6

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) .................................................................................................10

*J.Z.G. Res., Inc. v. Shelby Ins. Co.*,
   84 F.3d 211 (6th Cir. 1996) ...........................................................................................6

*Johns-Manville Sales Corp. v. Mitchell Enter., Inc.*,
   417 F.2d 129 (5th Cir. 1969) .........................................................................................4

*Multimin USA, Inc. v. Walco Intern., Inc.*,
   2007 WL 1686511 (N.D. Tex. Jun. 8, 2007) ................................................................3

*Nilsen v. City of Moss Point*,
   701 F.2d 556 (5th Cir. 1983) .........................................................................................8

*Pines of Westbury, Ltd. v. Paul Michael Const., Inc.*,
   993 S.W.2d 291 (Tex. App.-Eastland 1999) .................................................................8

*Procter & Gamble Co. v. Amway Corp.*,
   376 F.3d 496 (5th Cir. 2004) .........................................................................................8

*Qualia v. Qualia*,
   1998 WL 448608 (Tex.App.-San Antonio, Jul. 31, 1998) ............................................8

*Semtek Intern. Inc. v. Lockheed Martin Corp.*,
   531 U.S. 497 (2001) ......................................................................................................7

*Sierra Club v. Shell Oil Co.*,
   817 F.2d 1169 (5th Cir. 1987) ...................................................................................2, 4

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1988) ........................................................................................................3

*Stovall v. Price Waterhouse Co.*,
   652 F.2d 537 (5th Cir.1981) ..........................................................................................5

*Williamson v. Tucker*,
   645 F.2d 404 (5th Cir. 1981) .....................................................................................2, 4

**Other Authorities**

28 U.S.C. §§ 1331 and 1338(a) ............................................................................................10

35 U.S.C. § 256 ....................................................................................................................10

Restatement (Second) of Judgments § 87 (1982) ..................................................................6

I.  **INTRODUCTION**

Plaintiffs' supplemental memorandum does not address the primary issue the Court raised during the March 31, 2009, teleconference, *i.e.*, whether the final judgment on the merits in *TTG I* has *res judicata* effect in this case given that, in *TTG I*, the merits were intertwined with a jurisdictional issue. Instead of addressing that issue, Plaintiffs continue in the same pattern as they have throughout this litigation. As will be shown, much of what Plaintiffs present in their supplemental memorandum is conclusory, without authority, or taken out of context from the record of the case.

Plaintiffs do not provide any authority or argument regarding the *res judicata* effect of a final judgment on the merits that also implicates a jurisdictional issue. Plaintiffs merely argue – conclusorily and wrongly – that the Court did not have jurisdiction to decide *TTG I* on the merits. Plaintiffs never once made that argument before filing their supplemental memorandum; in fact, Plaintiffs argued the exact opposite in *TTG I* when they persuaded this Court and the Fifth Circuit that NIKE's motion to dismiss was an attack on the merits. Thus, not only is Plaintiffs' argument wrong, but it is also precluded by judicial estoppel.

Plaintiffs also attempt to confuse the issues by arguing that Texas *res judicata* law governs this case. Federal *res judicata* law governs, but the outcome is the same regardless of whether the Court applies federal or Texas law. Under both, all of Plaintiffs' claims are barred by *res judicata*.

Plaintiffs do not raise any new arguments with respect to the statute of limitations. Plaintiffs merely reiterate the same baseless arguments they made in their opposition brief. Plaintiffs' trade secrets claim is barred by the statute of limitations.

1

## II. ARGUMENT

### A. PLAINTIFFS DO NOT ADDRESS THE PRIMARY ISSUE THE COURT RAISED

During the March 31, 2009, teleconference, the Court asked the parties to brief whether the final judgment on the merits in *TTG I* has *res judicata* effect in this case given that, in *TTG I*, the merits were intertwined with a jurisdictional issue. Plaintiffs do not address that issue in their supplemental memorandum. Plaintiffs do not provide any authority, or even any argument, regarding a final judgment on the merits that also implicates a jurisdictional issue.

NIKE, in contrast, addressed this issue in its supplemental memorandum. (D.E. 59, at 2-3.) The Court's final judgment on the merits in *TTG I* has *res judicata* effect in this case because when a defendant's challenge to a court's jurisdiction is also a challenge to the cause of action, the proper course "is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." (*Id.*); *see also Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir. 1987); *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).[1] Moreover, even if the Court did not have subject matter jurisdiction in *TTG I*, which it did, the Court's final judgment on the merits still has *res judicata* effect because federal court judgments have *res judicata* effect regardless of whether the court that issued the judgment actually had jurisdiction to do so. (D.E. 59, at 3-8.)

Instead of addressing that issue, Plaintiffs cite several cases for general propositions of law that are neither disputed nor relevant to the issue before this Court. For example, Plaintiffs cite *Cobb* and *Ehm* for the proposition that standing is an issue of subject matter jurisdiction. (D.E. 60, at 2.) There is no dispute that standing is generally a jurisdictional issue, but *Cobb* and

---

[1] Fifth Circuit law governs this issue because federal courts sitting in diversity apply federal procedural law. *See, e.g., Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (stating that federal courts apply federal procedural law in diversity jurisdiction cases).

2

*Ehm* are inapposite to the issue before this Court because neither addresses a situation, like *TTG I*, where a jurisdictional challenge is intertwined with the merits. In *Cobb*, the Fifth Circuit explained that standing to bring an action founded on ERISA is a jurisdictional matter. *Cobb v. Central States Southwest and Southwest Areas Pension Fund*, 461 F.3d 632, 634-635 (5th Cir. 2006). In *Ehm*, an unpublished and non-precedential opinion, the Fifth Circuit addressed a municipal taxpayer's standing to challenge a City Council's ordinance. *Ehm v. San Antonio City Council*, 269 Fed. Appx. 375, 376-77 (5th Cir. 2008). Neither *Cobb* nor *Ehm*, however, addressed a jurisdictional challenge intertwined with the merits. *Cobb*, 461 F.3d at 634-635; *Ehm*, 269 Fed. Appx. at 376-77.

Plaintiffs also cite *Multimin*, *Ehm*, and *Steel Co.* for the proposition that a court should dismiss a case if it lacks subject matter jurisdiction. (D.E. 60, at 2.) There is no dispute on that general point of law, but *Multimin*, *Ehm*, and *Steel Co.* do not address the issue before this Court because they do not involve jurisdictional challenges intertwined with merits. In *Steel Co.*, for example, the Supreme Court found that, contrary to the facts of this case, the jurisdictional challenge in that case was not intertwined with the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91-93 (1988). Similarly, in *Multimin*, the parties agreed that the defendant's motion to dismiss challenged the court's jurisdiction, not the merits of the claims in that case. *Multimin USA, Inc. v. Walco Intern., Inc.*, 2007 WL 1686511, *2, n.2 (N.D. Tex. Jun. 8, 2007) ("The parties are in agreement that the motion to dismiss is a motion that questions the court's jurisdiction to entertain the claims at issue. . . . Both also agree that the standing jurisdictional requirement in this case should be determined before the court entertains the merits of the case.").

Plaintiffs also cite, out of context, statements from this Court's summary judgment opinion in *TTG I*. (D.E. 60, at 2-3.) Plaintiffs ignore what actually happened in *TTG I*. There,

3

Plaintiffs argued, and this Court and the Fifth Circuit agreed, that NIKE's jurisdictional challenge went to the merits. As a result, the Court, at Plaintiffs' suggestion, converted NIKE's motion to dismiss into a motion for summary judgment on the merits. Although the Court's summary judgment opinion discusses standing, the Court did not dismiss *TTG I* for lack of standing. The Court granted summary judgment on the merits, and the Fifth Circuit affirmed.[2]

Plaintiffs argue, in a footnote, that *Williamson* only applies to federal question cases. (D.E. 60, at n.1.) Plaintiffs do not cite any Fifth Circuit authority to support that argument. NIKE is not aware of any such authority, nor does NIKE believe any exists considering that the Fifth Circuit applied the same approach as *Williamson* in diversity cases well before it even decided *Williamson*. *See, e.g., Johns-Manville Sales Corp. v. Mitchell Enter., Inc.*, 417 F.2d 129, 131 (5th Cir. 1969) (explaining that when a jurisdictional issue is intertwined with the merits of a diversity case, "courts should be careful not to decide the merits, under the guise of determining jurisdiction"); *Continental Cas. Co. v. Dep't of Highways*, 379 F.2d 673, 675 (5th Cir. 1967) (allowing a diversity case to proceed to trial on the merits where the jurisdictional challenge was intertwined with the merits because, in such cases, "courts should be careful not to decide the merits, under the guise of determining jurisdiction"). Thus, *Williamson* applies to this case.

Finally, although Plaintiffs do not address the Court's primary question in their supplemental memorandum, Plaintiffs did address the issue in *TTG I* when Plaintiffs responded to NIKE's July 13, 2007, motion to dismiss. There, Plaintiffs argued, in light of *Williamson*, that NIKE's jurisdictional challenge was an attack on the merits, and that the Court was required to decide NIKE's challenge on the merits. (D.E. 45, at 5.) This Court and the Fifth Circuit agreed.

---

[2] Presumably, under the Fifth Circuit's *Sierra Club* and *Williamson* line of cases, it would have been improper for this Court to resolve, through a Rule 12 motion to dismiss, a jurisdictional challenge that attacked the merits. *Sierra Club*, 817 F.2d at 1172; *Williamson*, 645 F.2d at 415.

(*Id.*) Plaintiffs cannot now argue the opposite. As NIKE discussed in its opening brief, judicial estoppel "'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" (*Id.* at 12-13); *see also Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003). Plaintiffs, therefore, are judicially estopped from arguing that the Court's resolution of *TTG I* was not on the merits. (*Id.*) Plaintiffs have never contested that judicial estoppel applies in this case.

### B. FEDERAL *RES JUDICATA* LAW GOVERNS THIS CASE, BUT THE OUTCOME IS THE SAME UNDER TEXAS LAW

Plaintiffs try to confuse the issues by arguing that Texas *res judicata* law governs this case. (D.E. 60, at 1.) As explained in detail below, federal *res judicata* law governs, but the outcome in this case is the same regardless of whether the Court applies federal or Texas law because they are the same on all material points. Indeed, Plaintiffs do not identify any aspect of Texas *res judicata* law that is different from federal law. Plaintiffs' entire argument is wrongly premised on a single quote from *Igal v. Brightstar*, 250 S.W.3d 78, 81 (Tex. 2008), about whether *res judicata* applies when the initial tribunal lacks subject matter jurisdiction, (D.E. 60 at 1), but that quote does not change the outcome here because the *res judicata* test in *Igal* is the same as it is under federal law. Under either federal or Texas law, Plaintiffs' claims are barred.

The Fifth Circuit has long held that federal law governs a federal court's *res judicata* determination regardless of the basis of jurisdiction. *See e.g., Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981) ("the doctrines of *res judicata* and collateral estoppel require application of the federal rule when, as in this case, a party seeks to estop a claim from being raised in a diversity action brought in federal court on the basis of an earlier determination made in a federal court sitting pursuant to its diversity jurisdiction."); *Aerojet-General Corp. v. Askew*,

511 F.2d 710, 717 (5th Cir. 1975) (holding that a court should apply federal law to determine whether a prior federal court diversity judgment is *res judicata*).³

The *Aerojet-General* case is directly on point because, like this case, it involves a federal court with federal-question jurisdiction deciding the *res judicata* effect of a prior federal diversity court's final judgment on the merits.⁴ *Aerojet-General Corp.*, 511 F.2d at 715-18. Aerojet-General won a diversity judgment compelling specific performance of a land sale contract by state officials. *Id.* at 713-14. After that federal judgment, a state court ordered the officials to convey the land to a county. *Id.* at 714. Aerojet-General then invoked federal-question jurisdiction in a new federal action to protect its prior federal diversity judgment. *Id.* The court held that the state officials must obey the federal judgment, applying federal rules of *res judicata* to supersede the state judgment. *Id.* at 715. In affirming, the Fifth Circuit held that federal *res judicata* law applies to federal diversity judgments as well as federal-question judgments, and it applies whether the subsequent action is brought in diversity or federal-question jurisdiction. *Id.* at 715-18.

Plaintiffs incorrectly suggest that the Supreme Court's *Semtek* opinion changes the analysis. (D.E. 60, at 1.) The *Semtek* opinion, however, does not address what law a federal court with federal-question jurisdiction should follow when determining the *res judicata* effect of

---

³ Other courts have held the same. *See e.g., J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 212-14 (6th Cir. 1996) (holding that federal *res judicata* principles apply in successive federal diversity actions); *In re John Richards Homes Bldg. Co., L.L.C.*, 2009 WL 838595, *14 (E.D. Mich. Mar. 30, 2009) (federal law governs the preclusive effect of a prior federal diversity judgment); *see also* Restatement (Second) of Judgments § 87 (1982) ("Federal law determines the effects under the rules of *res judicata* of a judgment of a federal court.") & id. cmt. a, illus. 2 (applying rule in diversity context).

⁴ This Court has federal-question jurisdiction over Plaintiffs' patent claims for correction of inventorship. 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 256. Plaintiffs allege federal-question jurisdiction and diversity jurisdiction in their complaint in this case. (D.E. 1. ¶ 5.)

a prior federal court final judgment on the merits. Rather, the *Semtek* opinion addresses what law a state court should use when determining the *res judicata* effect of a prior federal court dismissal on statute of limitations grounds. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 499 (2001).

In *Semtek*, a federal district court in California dismissed, based on California's two-year statute of limitations, a plaintiff's diversity jurisdiction lawsuit. *Id.* The plaintiff then sued the same defendant in a second action in Maryland state court. *Id.* Although the plaintiff's causes of action were the same in both the California and Maryland litigations, the plaintiff's claims were timely filed in Maryland state court under Maryland's three-year statute of limitations. *Id.* The Maryland state court dismissed the plaintiff's second action as barred by *res judicata*. *Id.* at 499-500.

On appeal, the Supreme Court held that federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity. *Id.* at 508. The Supreme Court continued that, under federal common law, a dismissal on statute of limitations grounds by a federal court sitting in diversity should be given the same preclusive effect that it would be given by the state courts in the state where the federal diversity court sits. *Id.* at 508. The Supreme Court also explained, however, that this "federal reference to state law will not obtain . . . in situations in which the state law is incompatible with federal interests." *Id.* at 509. The Supreme Court ultimately reversed and remanded for the Maryland state court to determine whether the federal court's dismissal on statute of limitations grounds had *res judicata* effect under federal common law (which looked to California state law). *Id.*

Plaintiffs do not provide any authority that extends *Semtek* to cases like this one where a federal court with federal-question jurisdiction must determine the *res judicata* effect of a prior

federal court summary judgment on the merits. The *Am. House Assurance* case that Plaintiffs cite is not such a case. *Am. Home Assur. Co. v. Chevron, USA, Inc.*, 400 F.3d 265 (5th Cir. 2005). In that case, the court merely acknowledged *Semtek* in a footnote and did not address whether or how *Semtek* applied to that case or others. *Id.* at n.20. The court appeared to avoid the issue by explaining that, in its case, the outcome would be the same under both federal and state *res judicata* law. *Id.*

Similarly, in this case, although federal *res judicata* law governs, the Court does not need to decide the issue because the outcome is the same regardless of whether the Court applies federal or Texas law. This is because federal and Texas *res judicata* law are the same on all material points. Under both, *res judicata* requires a prior and final judgment on the merits by a court of competent jurisdiction, identity of the parties or those in privity with them, and a second action based on the same claims as were raised or could have been raised in the first action. *See e.g., Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) and *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Under both, courts use the transactional test to determine whether *res judicata* bars a subsequent lawsuit. *See, e.g., Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) and *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). Furthermore, under both, a summary judgment is a final judgment on the merits entitled to *res judicata* effect. *See, e.g., Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348 (5th Cir. 1985) ("Summary judgment is a judgment on the merits.") and *Pines of Westbury, Ltd. v. Paul Michael Const., Inc.*, 993 S.W.2d 291, 294 (Tex. App.-Eastland 1999) ("[a] summary judgment is a final judgment on the merits that bars relitigation of the case.").[5]

---

[5] *See also Qualia v. Qualia*, 1998 WL 448608, *5 (Tex.App.-San Antonio, Jul. 31, 1998) ("a summary judgment is a final judgment on the merits of the case and is entitled to *res judicata* effect").

As noted above, Plaintiffs do not identify any aspect of Texas *res judicata* law that is different from federal *res judicata* law, or that would result in a different outcome in this case. Plaintiffs cite *Igal* and *Daccach*, (D.E. 60, at 1), but neither provides *res judicata* principles that differ from federal law, and the cases actually support NIKE, not Plaintiffs. The reason Plaintiffs cite *Igal* and *Daccach* and argue that Texas law applies is so that they can quote a sentence from *Igal* that is, in reality, inapposite to this case.

The *Igal* court addressed the preclusive effect of a state administrative agency's determination, not the preclusive effect of a court's final judgment on the merits. *Igal v. Brightstar*, 250 S.W.3d 78, 81 (Tex. 2008). The *Igal* court held that when a claimant pursues a wage claim to a final adjudication before the Texas Workforce Commission (TWC), *res judicata* bars the claimant from later filing a lawsuit for the same damages in a Texas court of law. *Id.* More specifically, in *Igal*, the plaintiff alleged that the defendant terminated his employment without cause. *Id.* Eighteen months later, the plaintiff filed a wage claim with the TWC seeking post-termination salary. *Id.* A TWC hearing officer dismissed the claim in a preliminary wage determination order, and the TWC appeals tribunal subsequently issued a decision concluding that the plaintiff's claim failed on the merits and that the TWC also lacked jurisdiction because the plaintiff filed his claim more than 180 days after his wages became due for payment. *Id.*

The plaintiff did not file a motion for rehearing or seek judicial review. Instead, the plaintiff sued the defendant in a state court for breach of contract and declaratory judgment. *Id.* The defendant moved for summary judgment, arguing that the TWC's final decision barred the plaintiff's claims. *Id.* The state trial court granted the motion, holding that *res judicata* barred the plaintiff's claims. *Id.* The court of appeals affirmed the trial court, holding that the TWC had jurisdiction over the plaintiff's claims because the 180-day filing limitations period was not

9

jurisdictional and that *res judicata* barred the plaintiff's claims. *Id.* Finally, the Texas Supreme court affirmed the court of appeals, holding that the filing limitations period, while mandatory, is not jurisdictional and that *res judicata* attaches to the TWC's final administrative decision. *Id.*

Ignoring that *Igal* supports NIKE, Plaintiffs note that *Igal* cited *Daccach* for the proposition that "*res judicata* does not apply when the initial tribunal lacks subject matter jurisdiction over the claim." *Id.* at 82. The *Daccach* court, however, did not reach that issue in any way that is relevant to this case. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430 (Tex. 2007). Rather, the *Daccach* court held that *res judicata* can preclude the subsequent litigation of abandoned claims. *Id.* at 450. In rendering that decision, the *Daccach* court considered the "could have been raised" element of *res judicata*, and explained that *res judicata* does not bar a claim that could not have been raised in an earlier action if the court did not have jurisdiction over the claim in the earlier action. *Id.* at 452-53. That is a different issue than what is before this Court. Plaintiffs are not arguing that they could not have raised their patent claims in *TTG I* because the Court did not have jurisdiction over patent claims. The Court clearly had subject matter jurisdiction over federal patent claims in *TTG I*. *See* 28 U.S.C. §§ 1331 and 1338(a); 35 U.S.C. § 256.

Thus, *Igal* and *Daccach* do not provide any *res judicata* principles that differ from federal *res judicata* law. In particular, the cases do not provide that a litigant may collaterally attack a prior court's subject matter jurisdiction, which is what Plaintiffs seek to do here. Even if Texas *res judicata* law allowed a litigant to collaterally attack a court's subject matter jurisdiction, which it does not, federal courts should not follow that law because it would be incompatible with federal interests. (D.E. 59, at 3-8); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an

opportunity to litigate the question of subject matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment.").

Consequently, federal law applies, and the outcome in this case is the same regardless of whether the Court applies federal or Texas law. Either way, the Court's final judgment on the merits in *TTG I* is *res judicata* to all of Plaintiffs' claims in this lawsuit.

### C.   PLAINTIFFS' PATENT INVENTORSHIP CLAIMS ARE BARRED BY *RES JUDICATA*

Plaintiffs concede in their supplemental memorandum that the eight NIKE patents they raise in this lawsuit were publicly available to Plaintiffs before final judgment in *TTG I*. (D.E. 50, at 4-6.) All eight patents could have been part of *TTG I* had Plaintiffs timely raised their patent theory of recovery or pursued it on appeal. Plaintiffs' claims are barred by *res judicata*.

Plaintiffs also again incorrectly rely on the Fifth Circuit's statement, in connection with the first appeal in *TTG I*, that the patent applications at issue in that appeal "*might* form the basis of another action." (D.E. 50, at 6 (emphasis added).) As NIKE previously addressed (D.E. 55, at 7.), the Fifth Circuit made that statement in 2006, before the 2007 final judgment and before discovering that Plaintiffs misrepresented that they had no way of knowing about the NIKE patent applications. (*Id.*)

Plaintiffs also incorrectly argue that *res judicata* does not bar its patent theory because the correction of inventorship issues were "never litigated in *Triple Tee I*." (D.E. 60, at 7.) Under both federal and Texas law, *res judicata* "bars all claims that were or could have been brought in the former action, not just those that were actually litigated." *Alarcon v. Chase Home Finance, LLC*, 2008 WL 2572690, *3 (N.D. Tex. Jun. 20, 2008) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992).

### D. PLAINTIFFS' TRADE SECRETS CLAIM IS BARRED BY *RES JUDICATA* AND THE STATUTE OF LIMITATIONS

Plaintiffs do not raise any new *res judicata* arguments with respect to their trade secrets claim. *Res judicata* bars the trade secrets claim for the reasons NIKE set forth in its prior briefs. (D.E. 45, 55, 59.)

Plaintiffs also do not raise any new arguments regarding the statute of limitations. (D.E. 60, at 8-11.) Plaintiffs' sole argument – equitable tolling – fails for the reasons NIKE has already explained in its prior briefs, including that the authority Plaintiffs have cited does not support equitable tolling in this case, and further because Plaintiffs are not entitled to equitable relief given their numerous misrepresentations and failure to produce critical documents in *TTG I*. (D.E. 45 and 55.)

Furthermore, Plaintiffs' argument that they are entitled to equitable tolling for the pendency of the second appeal in *TTG I* cannot be reconciled with the timing of that appeal. As NIKE detailed in its opening brief, the statute of limitations expired by at least February of 2006. (D.E. 45, at 19.) The second appeal in *TTG I* did not begin until late 2007, *i.e.*, nearly two years after the statute of limitations had expired. Plaintiffs knew as early as 2004 that TTG did not own the necessary rights to pursue the claims, yet Plaintiffs made a calculated decision to conceal those facts, continue the lawsuit in TTG's name, and not file another case in Mr. Gillig's name. (D.E. 45, at 20-21.) Plaintiffs cannot now receive equitable tolling.

### III. CONCLUSION

For the reasons NIKE set forth above and in its previous briefs, NIKE requests that the Court grant its motion in its entirety.

Dated: May 11, 2009

Respectfully submitted,

*/s/ Michael H. Martin*

Michael H. Martin
State Bar#: 24007605
COTTEN SCHMIDT L.L.P.
420 Throckmorton Street, Suite 500
Fort Worth, Texas 76102
Phone: 817.338.4500
Fax: 817.338.4599

Christopher J. Renk
Illinois Bar#: 6199012
J. Pieter van Es
Illinois Bar#: 6210313
Michael J. Harris
Illinois Bar#: 6280168
BANNER & WITCOFF, LTD.
Ten South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: 312.463.5000
Fax: 312.463.5001

Attorneys for Defendant, NIKE, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NIKE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO SANCTION PLAINTIFFS AND THEIR COUNSEL was served on:

Joseph F. Cleveland, Jr.
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas 76102

by hand delivery on this 11th day of May, 2009, and on:

Melvin K. Silverman
M.K. SILVERMAN & ASSOCIATES, P.C.
One GatewayCenter, Suite 2600
Newark, NJ 07102

Jacqueline Tadros
JACQUELINE TADROS, P.A.
500 West Cypress Creek Road, Suite 350
Fort Lauderdale, FL 33309

by first class mail on this 11th day of May, 2009.

_____
Attorney for Defendant, NIKE, Inc.