IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN P. GILLIG and<br>TRIPLE TEE GOLF, INC., | §<br>§<br>§ | CIVIL ACTION |
| Plaintiffs | § | |
| v. | §<br>§ | NO. 4:08-cv-743-YA |
| NIKE, INC., | §<br>§ | |
| Defendant | § | |

**SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS'
RESPONSE IN OPPOSITION TO DEFENDANT NIKE'S MOTION
TO DISMISS AND MOTION FOR SANCTIONS**

Plaintiffs John P. Gillig and Triple Tee, Inc., file this second supplemental brief in support of their response to Defendant Nike's motion to dismiss and motion for sanctions.

### I. PLAINTIFFS' CLAIMS ARE NOT BARRED BY RES JUDICATA

In its supplemental brief, Nike repeatedly attempts to characterize this Court's decision in TTG I as a final decision on the merits. But the law is clear: A decision concerning whether a party has standing is not a decision on the merits of the case. *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003). Lack of standing is a defect in subject matter jurisdiction. *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (citing *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)); *see also Coleman v. Champion Internat'l Corp.*, 992 F.2d 530, 532 (5th Cir. 1993) (holding that standing is essential to the exercise of jurisdiction, and is a threshold question that determines the power of the court to entertain the suit); *Multimin USA, Inc. v. Walco Int'l, Inc.*, 2007 WL 1686511, at *2 n.2 (N.D. Tex. 2007)(McBryde, J.)

SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE   PAGE 1
IN OPPOSITION TO DEFENDANT NIKE'S MOTION TO DISMISS AND
MOTION FOR SANTIONS
CASE NO. 4:08-CV-743-Y

ORIGINAL

Standing, as a necessary component of a court's subject matter jurisdiction, is a constitutional prerequisite to maintaining suit, and "when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (emphasis added). If a court lacks subject-matter jurisdiction over a claim or if the procedural rules of the court make it impossible to raise a claim, then that claim is not precluded. *Browning v. Navarro*, 887 F.2d 553, 558-559 (5th Cir. 1989) (citing RESTATEMENT (SECOND) JUDGMENTS § 26(1)(c)). *See also Nilsen v. Moss Point*, 701 F.2d 556, 562-63 (5th Cir. 1983); *D-1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36, 38-39 (5th Cir.1989). The Court's ruling in TTG I that TTG lacked standing deprived the Court of jurisdiction to adjudicate the merits of the case and therefore *res judicata* does not preclude Gillig's claim.

None of the cases upon which Nike relies upon are even marginally on point or relevant. First, Nike relies upon a series of cases where the basis of the federal jurisdiction is also an element of the plaintiff's federal claim. (Nike's Supp. Br. at 2-3) These cases, however, applied a rule pertaining to federal claims recognized by the Supreme Court in *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 776 (1946). If a federal statute provides both the basis of the federal subject matter jurisdiction and one of the elements of the federal claim, federal courts may appropriately find that jurisdiction exists and decide the case on the merits unless the claim is immaterial or is wholly insubstantial or frivolous. *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981). But in this case, no federal statute provides both the basis of federal jurisdiction and an element of any federal claim. *Cf. Bell*, 327 U.S. at 681-82 (holding that "where the

complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit"). Plaintiffs have found no case where a federal court sitting in diversity has applied the *Bell v. Hood* standards to a state law claim and significantly Nike cites to none. TTG's claim for misappropriation of trade secrets was purely a state law claim, and therefore, the standards articulated by the Supreme Court in *Bell v. Hood* do not apply

Next, Nike argues that federal court judgments have *res judicata* effect regardless of whether the court that issued the judgment actually had jurisdiction to do so. (Nike Supp. Br. at 3-8) But none of the cases cited by Nike address a situation where, as in this case, the court explicitly found that TTG failed to establish standing. All of Nike's cases are distinguishable based on this fact alone. And contrary to Nike's assertions, Plaintiffs are not questioning the Court's subject matter jurisdiction to decide TTG 1 on the merits; that question was resolved by this Court long ago when it dismissed Plaintiffs' claims for lack of standing.

Finally, Nike claims that when "the Court converted the motion [to dismiss] into a motion for summary judgment, it was a challenge to Plaintiff's substantive claims." (Nike's Supp. Br. at 2 n.2) But that is not how this Court viewed the matter. This Court "decided to convert the motion to dismiss to a Rule 56 motion, which means that, while the standing issue remains in the case, its resolution will be by summary judgment principles rather than the rules that normally would be applied for resolution of a motion to dismiss for lack of subject matter jurisdiction." (Court's August 10, 2007 Memorandum Opinion and Order at 37; Nike App. at 334) In ruling on the motion for summary judgment, the Court determined TTG failed to establish standing. *See*

Memorandum Opinion and Order at 37, 65, 74. Upon doing so, this Court's only remaining function was to dismiss the case. *Steel,* 523 U.S. at 94-95. Any decision on the merits is void. *Matter of Camp,* 59 F.3d 548, 550 (5th 1995) (holding that "[i]f . . the court that rendered the prior judgment lacked jurisdictions, the judgment is void and has no res judicata effect.").

## II. <u>INVENTORSHIP CLAIMS ARE NOT BARRED</u>

In regard to the inventorship issues, Nike, on page 9 of its Supplemental Memorandum, presents a timeline of the TTG1 case. Nike, however, conveniently takes certain dates out of context. To accurately portray the chronology of the TTG1 case, Plaintiffs have taken Nike's timeline and added important dates Nike omitted. The revised timeline is attached hereto as Exhibit "A." In particular, Plaintiffs have added to the Nike timeline the period of pendency of the first appeal of TTG1 to the Fifth Circuit-- July 26, 2005 to May 11, 2007. Within this period, Plaintiffs have included the following five events significant to the Inventorship issue that arose during that period:

1. June 13, 2006 – the date of grant of Design Patent No. D523,102 (per Count IV).

2. September 26, 2006 – the date of grant of Design Patent No. D529,108 (per Count IV).

3. November 21, 2006 – the date of grant of Design Patent No. D532,470 (per Count V).

4. November 28, 2006 – the date of grant of Design Patent No. D532,853 (Per Count V).

5. April 10, 2007 – the date of grant of U.S. Patent No. 7,201,669 (per Count III).

Plaintiffs' timeline also modifies the rectangle dated June 23, 2005 on Nike's timeline. Now, the timeline indicates that on July 23, 2005 the originally-filed patent application was simply published, but did not mature into an issued patent until April 10, 2007, as U.S. Patent No. 7,201,669. An issued patent often differs in many material respects from its original application, as it did in this case. In any event, jurisdiction under 35 U.S.C. 256 can only attach to a patent upon its issuance. As such, the date of publication of any application for patent is irrelevant under 35 U.S.C. 256.

On the Nike timeline, Plaintiffs have also added the period of pendency of the second appeal to better show the entirety of TTG1.

Within the rectangle entitled April 12, 2005, Nike correctly notes that TTG had moved to amend its Complaint to add inventorship counts regarding U.S. Patent No. D484,927, D499,781 and D499,789. Nike, however, conveniently fails to mention that the Court's denial on May 9, 2005 of Plaintiffs' motion of April 12, 2005 was without prejudice to the right of Plaintiff to pursue such claims at a later date. [Nike App. Tab 6, p. 93]. However, as may be noted from the timeline, the period of the first appeal to the 5th Circuit began July 26, 2005. This was approximately six weeks after the Court had ruled upon Plaintiffs' motion of April 12, 2005. At the May 9, 2005 hearing, Nike's counsel even remarked in respect to the differences of proof which the inventorship counts would entail [Nike App. Tab 5, p. 80-81, 84]. Specifically, Nike's counsel stated:

> I'm virtually positive that we haven't taken any deposition discovery of the plaintiff on the specific patents at issue here. We haven't put them in front of anybody there and said, okay, tell me what part of this drawing did you contribute to, because inventorship just simply wasn't an issue before.

*Id.* at p. 84.

Between the conclusion of the first appeal in TTG 1 upon May 11, 2007 and entry of Final Judgment on August 10, 2007, a period of only three months elapsed. Nike, however, argues that that jurisdictional ruling somehow gave rise to an adjudication of Gillig's or TTG's inventorship claims which arose during the period of pendency of the first appeal. As such, Nike argues *res judicata* applies not only to matters never before the Court in TTG1, but also to matters over which the Court determined it had no jurisdiction.

Furthermore, the Fifth Circuit ruled in its May 11, 2007 decision [Nike App. Tab. 13, p. 210] that TTG could pursue its inventorship claims in any patents which might arise from the so-called "undisclosed patent applications," one of which was the Publication of June 23, 2005 which, as above noted, ultimately issued as U.S. Patent No. 7,201,669 on April 10, 2007.

In summary, the issues of inventorship in regard to D484,937 (Count II herein); D499,781 (Count IV herein); and D499,782 (Count IV) herein) did not exist in TTG1 other than in the context of the April 12, 2005 motion to amend. Further, U.S. Patents D523,102; 529,108; D532,470; D532,853; and 7,201,669 all issued during the pendency of the 2005-2007 appeal of TTG1 and, as such, could not have been adjudicated by this Court.

Nike also devotes a significant portion to its brief to an apparent attack on Gillig's diligence in asserting his Inventorship counts, pointing to Gillig's testimony of March 8 and June 14, 2005. However, as above noted, TTG did move on April 12, 2005 to assert such claims to the three of the eight patents at issue that existed at that time. Nike

apparently urges that TTG should have made a motion to assert its five Inventorship claims that occurred during the pendency of the first appeal, after the case was returned to this Court on May 11, 2007. This argument is not credible given the fact of this Court's ruling of May 9, 2005 on the first Inventorship motion.

### III. <u>CONCLUSION</u>

For the reasons stated, this Court should enter an Order denying Defendant's Motion to Dismiss Plaintiffs' Complaint and denying Defendant's Motion for Sanctions and grant such further and other relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

Melvin Silverman
NJ Bar No. 236011970
*Pro Hac Vice*
M. K. SILVERMAN & ASSOCIATES, P.C.
One Gateway Center, Suite 2600
Newark, NJ 07102
Ph:    973-508-5033
Fax:   973-622-3423
E-mail: mks@mkspc.com

LOCAL COUNSEL:

Joseph F. Cleveland, Jr.
Texas Bar No. 04378900
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, TX 76102-3090
Telephone: (817) 338-1700
Facsimile: (817) 870-2265
E-mail: jcleveland@belaw.com

OF COUNSEL:

Jacqueline Tadros
Florida Bar No. 497509
JACQUELINE TADROS, P.A.
500 West Cypress Creek Road, Suite 350
Fort Lauderdale, FL 33309
Ph:    954-3551-7479
Fax:   954-351-7417

ATTORNEYS FOR PLAINTIFFS
JOHN P. GILLIG AND
TRIPLE TEE GOLF, INC.

---

SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE IN
OPPOSITION TO DEFENDANT NIKE'S MOTION TO DISMISS AND MOTION
FOR SANCTIONS
CASE NO. 4:08-CV-743-Y

PAGE

313764.1

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served on counsel of record for Defendant as follows:

| | |
|---|---|
| Michael J. Harris<br>BANNER & WITCOFF, LTD.<br>10 South Wacker Drive, Suite 3000<br>Chicago, Illinois 60606 | **Via First Class Mal** |
| Mr. Michael H. Martin<br>COTTON SCHMIDT, LLP<br>420 Throckmorton Street, Suite 500<br>Fort Worth, Texas 76102 | **Via Hand Delivery** |

Dated: May 11, 2009.

                                                                */s/ Joseph F. Cleveland, Jr.*
                                                                Joseph F. Cleveland, Jr

# Timeline (Exhibit A)

- **Jan. 21, 2004** — TTG filed lawsuit
- **Mar. 3, 2005** — TTG's counsel stated that it reviewed NIKE's publicly available patents
- **Mar. 8, 2005** — TTG stated that Mr. Gillig reviewed NIKE's publicly available patents, including Patent Nos. D484,937 & D499,781
- **Apr. 6, 2005** — TTG's expert stated that he reviewed NIKE's publicly available patents, including Patent No. D484,937
- **Apr. 12, 2005** — TTG moved to amend complaint to add its patent theory, including Patent Nos. D484,937, D499,781, and D499,782
- **June 14, 2005** — Mr. Gillig testified that he routinely searched NIKE's publicly available patents
- **July 26, 2005**
- **Oct. 11, 2005** — Mr. Gillig submitted a declaration stating that it is his practice to review NIKE's publicly available patents every few weeks
- **Jan. 6, 2004** — NIKE Patent No. D484,937 publicly available
- **Dec. 14, 2004** — NIKE Patent Nos. D499,781 & D499,782 publicly available
- **June 23, 2005** — NIKE Patent application publicly available
- **June 13, 2006** — NIKE Patent No. D523,102 publicly available
- **Sep. 26, 2006** — NIKE Patent No. D529,108 publicly available
- **Nov. 21, 2006** — NIKE Patent No. D532,470 publicly available
- **Nov. 28, 2006** — NIKE Patent No. D532,853 publicly available
- **April 10, 2007** — Patent No. 7,201,669 Issues
- **May 11, 2007**
- **Aug. 10, 2007** — Court entered final judgment
- **Period of First Appeal To Circuit**
- **Second Appeal To Circuit**
- **To July 21, 2008**

Blumberg No. 5119

EXHIBIT A