IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 0 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

TRIPLE TEE GOLF, INC., ET AL.,     §
                                   §
          Plaintiffs,              §
                                   §
VS.                                §   NO. 4:08-CV-743-A
                                   §
NIKE, INC.,                        §
                                   §
          Defendant.               §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant,
Nike, Inc., ("Nike") to dismiss the complaint of plaintiffs,
Triple Tee Golf, Inc., ("Triple Tee") and John P. Gillig
("Gillig")[1], for failure to state a claim upon which relief can
be granted and to sanction plaintiffs and their counsel under the
authority of 28 U.S.C. § 1927.  For the reasons stated below, the
court has concluded that the motion to dismiss should be granted,
and that the motion for sanctions should be denied without
prejudice to reassertion at a future date.

---

[1]Gillig was not a named party to, but was the main actor on behalf of Triple Tee in, the first round.

I.

## Description and History of
## Both Rounds of this Litigation

This action is the second round of litigation between the parties to the action.  For a description and history of the first round ("Triple Tee I") the court makes reference to the opinion of this court in Triple Tee Golf, Inc. v. Nike, Inc., 2005 WL 1639317 (N.D. Tex. July 15, 2005), the opinion of the United States Court of Appeals for the Fifth Circuit in Triple Tee Golf, Inc. v. Nike, Inc., 485 F.3d 253 (5th Cir. 2007), the opinion of this court in Triple Tee Golf, Inc. v. Nike, Inc., 497 F. Supp. 2d 827 (N.D. Tex. 2007), the opinion of this court in Triple Tee Golf, Inc. v. Nike, Inc., 511 F. Supp. 2d 676 (N.D. Tex. 2007), and the unpublished opinion of the Fifth Circuit in Triple Tee Golf, Inc. v. Nike, Inc., 281 F. App'x 368, 2008 WL 2389152 (5th Cir. 2008).

The essence of Triple Tee's allegations in Triple Tee I, as stated in the original complaint by which the action was filed in the United States District Court for the Southern District of Florida in January 2004, and in the three amended complaints filed in this court after the case was transferred here, was that on or about September 25, 2000, Gillig, at a meeting with John

2

Thomas Stites, III ("Stites"), reviewed with Stites what Gillig considered to be his trade secrets (to which Gillig referred in his complaint as "POWERHEAD technology"), that during their meeting Stites agreed as a condition to Gillig's disclosure that all trade secrets disclosed by Gillig to Stites would be kept in absolute confidence, and that after their meeting Stites became employed by Nike and, while so employed, used those trade secrets to Nike's benefit and Gillig's detriment.  Triple Tee alleged in the original and each of the amended complaints that on October 13, 2000, Gillig assigned to Triple Tee all of his trade secrets associated with his POWERHEAD technology and that Gillig was the vice president and principal owner of Triple Tee.  Allegations were made that appear to be a contention that the disclosures to Stites on September 25, 2000, were made by both Triple Tee and Gillig.  By way of relief, Triple Tee sought an accounting of benefits Nike realized from use of the trade secrets and recovery from Stites and Nike of ordinary damages in excess of $50,000,000 per annum for the useful life of the trade secrets alleged to have been appropriated from Gillig by Nike and Stites.

The second round, the instant action, ("Triple Tee II") was commenced in October 2008 by the filing by Triple Tee and Gillig of their complaint against Nike in the United States District

3

Court for the Southern District of Florida on October 8, 2008. The Florida court, upon the motion of Nike, transferred the action to this division of this court. By routine assignment the action was placed on the docket of the Honorable Terry Means. Judge Means, upon Nike's motion, transferred the action to the docket of the undersigned on February 11, 2009. Gillig was named as a plaintiff, along with Triple Tee, in Triple Tee II. The essence of the allegations is basically the same as that of the allegations made by Triple Tee in Triple Tee I. Plaintiffs added to the Triple Tee II complaint four declaration of inventorship counts. All theories for relief are predicated directly or indirectly on the contention of Triple Tee and Gillig that Nike and Stites violated the confidentiality agreement they say Gillig[2] and Stites reached in September 2000 as a condition to the disclosure by Gillig to Stites of Gillig's trade secrets.[3]

---

[2]Again, allegations are made that the September 2000 disclosure to Stites was by both Triple Tee and Gillig.

[3]A corporation by the name Impact Golf Technologies, Inc., was named a defendant in Triple Tee I, and allegations were made in Triple Tee I indicating that at certain relevant times Stites was acting through the corporation in engaging in activities about which Triple Tee and Gillig complain; and, similar allegations were made in the complaint by which Triple Tee II was instituted. Throughout, the parties have treated Stites and the corporation as one and the same, and the court follows the lead of the parties in this memorandum opinion. Whenever reference is made to Stites in this memorandum opinion, it includes, to the extent appropriate, reference to the corporation.

II.

## The Grounds of the Motion to Dismiss, and
## the Response of Triple Tee and Gillig

Nike's motion to dismiss for failure to state a claim upon which relief can be granted asserts two theories why the case should be dismissed, first that the claims asserted in Triple Tee II are barred by res judicata by reason of the adjudications made in Triple Tee I, and, second, that the trade secrets claim alleged in the Triple Tee II complaint is barred by limitations.

Triple Tee and Gillig respond to Nike's res judicata theory by contentions that (1) some of the claims asserted in Triple Tee II could not have been asserted in Triple Tee I and (2) Gillig's trade secret claims are not barred because he was not in privity with Triple Tee, and, therefore, is the only party-in-interest who could bring those claims.  In response to Nike's limitations defense, Triple Tee and Gillig maintain that (1) their claims are not time-barred because limitations was tolled as to those claims and (2) no statute of limitations is applicable to the inventorship claims brought under 35 U.S.C. § 256.

III.

## Applicable Rule 12(b)(6) Principles

The standards for deciding a motion to dismiss for failure to state a claim are well-settled.  The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.  However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 563).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader.  Scheuer, 416 U.S. at 236.  However, the court does not accept conclusory allegations or unwarranted deductions of

6

fact as true.  <u>Bell Atlantic</u>, 550 U.S. at 555 (stating that
"[w]hile a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, . . . a
plaintiff's obligation to provide the grounds of his entitlement
to relief requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." (citations, brackets, and quotation marks omitted));
<u>Tuchman v. DSC Communications Corp.</u>, 14 F.3d 1061, 1067 (5th Cir.
1994); <u>Guidry v. Bank of LaPlace</u>, 954 F.2d 278, 281 (5th Cir.
1992).  On a motion to dismiss for failure to state a claim,
courts "are not bound to accept as true a legal conclusion
couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S.
265, 286 (1986).

A statute of limitations defense may properly be asserted in
a motion to dismiss for failure to state a claim, <u>Nationwide By-</u>
<u>Weekly Admin., Inc. v. Belo Corp.</u>, 512 F.3d 137, 141 (5th Cir.
2007), as may a res judicata defense, <u>Smith v. Waste Mgmt., Inc.</u>,
407 F.3d 381, 383, 386 (5th Cir. 2005).

While a motion to dismiss for failure to state a claim
normally is decided on the basis of the contents of the pleading
and any attachments thereto, there are circumstances when
documents the defendant attaches to the motion to dismiss can be

considered part of the pleadings.  <u>Collins v. Morgan Stanley Dean</u>
<u>Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000).  Such a motion may
permissibly refer to, and rely upon, matters of public record,
such as papers in other litigation.  <u>Cinel v. Connick</u>, 15 F.3d
1338, 1343 n.6 (5th Cir. 1994).  In addition to documents
incorporated into the complaint and matters of public record, the
court can consider in evaluating such a motion any matter of
which the court may take judicial notice.  <u>Tellabs, Inc. v. Makor</u>
<u>Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

    Nike relies in support of its motion on permissible
material--plaintiffs' complaint in Triple Tee II (including the
patent documents attached to that complaint) and documents that
are publicly available in the district court and Fifth Circuit
files of Triple Tee I.  Plaintiffs apparently agree that the
items relied on by Nike in support of its motion are appropriate
for consideration.[4]

---

[4]In none of plaintiffs' briefs do they contend that any of the material upon which Nike relies is not
suitable for consideration in evaluating whether the motion to dismiss should be granted.

IV.

## Analysis

A.   The Limitations Ground of the Motion

During a telephone conference between the court and counsel conducted on March 31, 2009, the court confirmed that the limitations ground of Nike's motion applies only to the misappropriation of trade secrets claim asserted by Triple Tee and Gillig in Count I of their Triple Tee II complaint.  In Count I plaintiffs allege that the circumstances giving rise to the trade secrets claim occurred in September 2000 when, in effect, an understanding was reached that Stites would keep confidential all trade secrets disclosed by Gillig to Stites.   Plaintiffs allege that on February 1, 2003, Gillig acquired information that caused him to know that Stites, in cooperation with Nike, was using his trade secrets in violation of the confidentiality understanding that had been reached between Stites and Gillig in September 2000.

The applicable limitations statute is section 16.010 of the Texas Civil Practice and Remedies Code, which reads as follows:

> (a)  A person must bring suit for misappropriation of trade secrets not later than three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.

9

> (b) A misappropriation of trade secrets that
> continues over time is a single cause of action and the
> limitations period described by Subsection (a) begins
> running without regard to whether the misappropriation
> is a single or continuing act.

Tex. Civ. Prac. & Rem. Code § 16.010 (Vernon 2002).

This action was initiated by the filing of the complaint on October 8, 2008, five years and eight months after Gillig discovered what plaintiffs contend was a misappropriation of Gillig's trade secrets. Thus, the statute of limitations is a bar to the Count I misappropriation of trade secrets claim unless one of the theories urged by plaintiffs of avoidance of the limitations bar were to be found applicable.

Plaintiffs contend that there was a tolling of limitations during the pendency of the appeals from this court's judgments in Triple Tee I. Plaintiffs do not cite any court authority that supports such a proposition, which the court concludes is without merit.

Equally without merit is plaintiffs' contention that limitations should be tolled due to a misnomer. This is not a misnomer case. Misnomer occurs when a party "merely misnames" the correct party in a pleading. Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex. 1990). Triple Tee is not simply an incorrect name for Gillig. Plaintiffs mention misidentification as a

10

possible theory of avoidance.  Misidentification does not toll

the running of a statute of limitations.  Even if it did, this is

not a case of misidentification.  Rather, it is a case of the

plaintiff in Triple Tee I simply not having ownership of, and the

right to assert in Triple Tee I, the claims that were being

asserted in that action.

The complaint does not allege any facts that would, if

proved, establish a legal or equitable basis for a tolling of

limitations.

B.   The Res Judicata Theory

    1.   General

Under the law of the Fifth Circuit "*res judicata*[] is the

venerable legal canon that insures the finality of judgments and

thereby conserves judicial resources and protects litigants from

multiple lawsuits."  Procter & Gamble Co. v. Amway Corp., 376

F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum,

10 F.3d 305 (5th Cir. 1994)) (internal quotation marks omitted).

"Under res judicata, a final judgment on the merits of an action

precludes the parties or their privies from relitigating issues

that were or could have been raised in that action."  Oreck

Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009)

(quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)) (internal

quotation marks omitted).   "Federal law determines the res

judicata effect of a prior federal court judgment." <u>Robinson v.</u>

<u>Nat'l Cash Register Co.</u>, 808 F.2d 1119, 1124 (5th Cir. 1987).

For there to be a viable res judicata defense, four elements

must be established:  (1) the parties are identical or in

privity; (2) the judgment in the prior action was rendered by a

court of competent jurisdiction; (3) the prior action was

concluded by a final judgment on the merits; and (4) the same

claim or cause of action was involved in both actions.  <u>Procter &</u>

<u>Gamble Co.</u>, 376 F.3d at 499.  If the four elements of res

judicata exist, all claims arising from the "common nucleus of

operative facts" are barred by res judicata.  <u>Id.</u> (citing

<u>Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.</u>, 20 F.3d 663

(5th Cir. 1994)).  The court now considers each of those elements

as applied to the claims alleged by plaintiffs in Triple Tee II.

    2.   <u>The Four Elements Are Satisfied</u>

        a.   <u>Whether the Parties in Triple Tee I and</u>
            <u>Triple Tee II are Identical or in Privity</u>

Triple Tee was a party to both actions.  In each action, the

allegation is made in the complaint that Gillig was an officer

and the principal owner of Triple Tee.  Thus, plaintiffs, in

effect, admit that Gillig was in privity with Triple Tee for res

12

judicata purposes.   <u>Drier v. Tarpon Oil Co.</u>, 522 F.2d 199, 200
(5th Cir. 1975).   Nike was a defendant in Triple Tee I as it is
in the instant action.   Therefore, the first element of res
judicata is satisfied.

>    b.   <u>Whether the Judgment in Triple Tee I Was a</u>
>         <u>Final Judgment on the Merits by a Court</u>
>         <u>Having Jurisdiction to Render It</u>

The second and third elements of res judicata are treated
under this subheading.[5]   The third element concerns what the court
decided by the August 10, 2007, judgment of dismissal of Triple
Tee I, and the second bears on whether in Triple Tee I the court
had jurisdiction to render a decision on the merits if, in fact,
the decision was on the merits.   Pursuant to March 31, 2009, and
April 27, 2009, orders, each party has provided supplemental
briefing on the issue of whether the court had jurisdiction to
render a judgment on the merits in Triple Tee I.

---

[5]The court questions whether the parties actually have directed their attention in their briefing to the
"competent jurisdiction" element of res judicata.  This court clearly had jurisdiction to decide whether it
had subject matter jurisdiction in Triple Tee I.  And, this court was a court of competent jurisdiction to
decide the case on the merits assuming that subject matter jurisdiction existed.  Therefore, the
jurisdictional discussion relates to subject matter jurisdiction, rather than a more general competency to
decide.

The events in Triple Tee I that are directly pertinent to the points discussed under this subheading are as follows:

On July 13, 2007, the defendants in Triple Tee I filed a motion to dismiss based on lack of standing of Triple Tee to bring and maintain the action. The factual bases for the motion were that Triple Tee did not own the alleged trade secrets when it filed Triple Tee I and that Triple Tee did not own the alleged promise upon which the claims in Triple Tee I were based. Mot. to Dismiss in Triple Tee I at 18. In its opposition to the motion, Triple Tee argued that the motion to dismiss was not the proper procedural vehicle for resolution of a fact issue that in addition to determining whether the court had subject matter jurisdiction also would determine whether an element of the plaintiffs' cause of action existed. Nike App., Vol. 3 at 277-80. Triple Tee suggested that the proper course would be for the court to treat the motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure so that the defendants would be put to a higher standard of proof as to the fact that could be outcome determinative of Triple Tee's claim in Triple Tee I.

The court agreed with Triple Tee, and by order signed July 26, 2007, the court converted the motion to dismiss to a Rule 56

14

motion and gave the parties an opportunity to supplement the

summary judgment record.  July 26, 2007, Order in Triple Tee I at

1, 7.  As reflected by the memorandum opinion and order the court

signed August 10, 2007, the court concluded that the action

should be dismissed by application of Rule 56 standards,

explaining that:

> The dismissal is appropriate by reason of plaintiff's
> failure to establish standing as well as because of the
> failure of the summary judgment record to raise a
> genuine issue of fact as to an essential element of
> plaintiff's claim--that Gillig assigned to plaintiff
> whatever rights Gillig acquired from his dealings with
> Stites in September 2000.

Triple Tee Golf, Inc., 511 F. Supp. 2d at 702-703.  Consistent

with the memorandum opinion and order the court signed August 10,

2007, the court also signed on that date a final judgment[6]

dismissing all claims and causes of action asserted by Triple Tee

in Triple Tee I.

Triple Tee appealed to the Fifth Circuit from this court's

August 10, 2007, rulings in Triple Tee I.  The Fifth Circuit

affirmed this court's rulings by an opinion and judgment rendered

---

[6]A summary judgment is a final judgment on the merits for res judicata purposes. Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985).

June 1, 2008.  The Fifth Circuit's opinion was worded, in its
entirety, as follows:

> In this suit for misappropriation of trade secrets
> and for damages under the Texas Deceptive Trade
> Practices Act, the district court, on remand, granted
> summary judgment by determining that plaintiff Triple
> Tee Golf, Inc., never received a right to sue on the
> claim at issue and was not a "consumer" under the state
> statute.  We have reviewed the briefs and pertinent
> portions of the record and have heard the arguments of
> counsel.  We find no reversible error.  The judgment,
> accordingly, is AFFIRMED.

Triple Tee Golf, Inc., 281 F. App'x 368, 2008 WL 2389152, at *1
(5th Cir. 2008).[7]

The record of Triple Tee I makes clear that this court ruled
on the merits issue of whether Triple Tee was able to prove an
essential element of its claim as well as, coincidentally, the
jurisdictional lack of standing issue.  The fact that the Fifth
Circuit directed its attention to the "consumer" issue in its
opinion suggests that the Fifth Circuit considered that it was
affirming a decision of this court on the merits.

*       *       *       *

Nike maintains that the court, at the suggestion of Triple
Tee, elected to decide the merits of Triple Tee I rather than to

---

[7]This court had ruled in a memorandum opinion and order the court signed July 5, 2007, in Triple Tee
I that Triple Tee was not a "consumer" under the Texas Deceptive Trade Practices-Consumer Protection
Act. July 5, 2007, Order in Triple Tee I at 5-6.

limit the basis for dismissal to lack of subject matter jurisdiction.  Triple Tee, on the other hand, maintains that because of the court's finding that Triple Tee lacked standing in Triple Tee I, the court was without subject matter jurisdiction to address the merits of Triple Tee's claim.

Triple Tee is correct that absence of standing on the part of the plaintiff prevents the court from having subject matter jurisdiction.  Cobb v. Central States, 461 F.3d 632, 635 (5th Cir. 2006) (saying that "the issue of standing is one of subject matter jurisdiction").  Reiterating what this court ruled in an earlier case, "[s]tanding is essential to the exercise of jurisdiction and is a threshold question . . . [that] determin[es] the power of the court to entertain the suit." Multimin USA, Inc. v. Walco Int'l, Inc., 2007 WL 1686511, at *2 n.2 (N.D. Tex. June 8, 2007) (internal quotation marks omitted). Generally speaking, "[b]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction of the court must establish the requisite standing to sue." Ehm v. San Antonio City Council, 269 F. App'x 375, 2008 WL 680689, at *1 (5th Cir. 2008) (internal quotation marks omitted).

17

Consistent with that general principle stated above, the Fifth Circuit has said that when the doctrine of collateral estoppel is relied on, the court must first examine the prior court's jurisdiction because the litigants in the present litigation are bound by a past ruling only if it was rendered by a court of competent jurisdiction. <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603-04 (5th Cir. 1999). The Fifth Circuit cited, and quoted with approval, the statement in the textbook 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4428 (1981), that "[A] judgment entered by a court lacking subject matter jurisdiction is void and is not entitled to res judicata effect." <u>Cadle Co.</u>, 174 F.3d at 604 (internal quotation marks omitted).[8]

Nike, on the other hand, relies on an exception the Fifth Circuit has approved to the general rule on which Triple Tee relies that standing is a threshold jurisdictional question that must be decided before the court reaches the merits. In <u>McBeath</u>

---

[8]In a footnote, the Fifth Circuit quoted from the same textbook that "[t]oday, it is safe to conclude that most federal court judgments are res judicata notwithstanding a lack of subject matter jurisdiction." <u>Cadle Co.</u>, 174 F.3d at 604 n.3 (internal quotation marks omitted).

v. Inter-American Citizens for Decency Committee the Fifth

Circuit explained:

> Undoubtedly, under Rule 12(d) of the Federal Rules
> of Civil Procedure a court may determine the
> prerequisites to jurisdiction in advance of a trial on
> the merits. However, where the factual and
> jurisdictional issues are completely intermeshed the
> jurisdictional issues should be referred to the merits,
> for it is impossible to decide the one without the
> other.

374 F.2d 359, 362-63 (5th Cir. 1967).  Under the facts of

McBeath, the Fifth Circuit held that:

> McBeath should have been allowed to develop this
> evidence in a full hearing on the merits where the
> issue of jurisdiction and the merits are so closely
> tied together and inseparable. It was error for the
> court summarily to preclude him from so doing.

McBeath, 374 F.2d at 363.[9]  See also Continental Cas. Co. v. Dep't

of Highways, State of La., 379 F.2d 673, 675 (5th Cir. 1967).

An earlier expression by the Fifth Circuit of the principle

stated in McBeath is found in Williamson v. Tucker, in which the

court made a point of mentioning the summary judgment rule as an

appropriate procedural vehicle for resolving the merits-

---

[9]In McBeath, the Fifth Circuit cited with approval Schramm v. Oakes, 352 F.2d 143, 149 (10th Cir. 1965), in which the court said that "where the issue of jurisdiction is dependent upon a decision on the merits . . . the trial court should determine jurisdiction by proceeding to a decision on the merits" and Fireman's Fund Insurance Co. v. Railway Express Agency, 253 F.2d 780, 784 (6th Cir. 1958), in which the court said "[w]here the jurisdictional issue . . . can not be decided without the ruling constituting at the same time a ruling on the merits of the case, the case should be heard and determined on its merits through regular trial procedure." McBeath, 374 F.2d at 363.

19